



**STATE OF NEW YORK**

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

[212-416-8118]

> PL to respond with 2-3 pp
> letter by 5/16 + we'll discuss
> on 5/29/08.
>
> SO ORDERED
> Date: 5/12/08
> Richard M. Berman, U.S.D.J.

BY HAND DELIVERY
Honorable Richard Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Emanuel v. State of New York, et al., 78 CV 1250 (RMB)

Your Honor:

    On behalf of the defendants in the above-referenced action, this letter is written to respectfully request a pre-motion conference in order to seek permission to move to dismiss this matter. Defendants intend to move to dismiss the complaint on the following grounds: (i) plaintiffs failed to state a claim upon which relief can be granted, (ii) the court lacks jurisdiction under the Eleventh Amendment to the United States Constitution, and (iii) the individual defendants are entitled to qualified immunity. Currently, a response to the complaint defendants is due by May 21, 2008.

    As Your Honor may be aware, plaintiff has alleged that the defendants, New York State Department of Correctional Services ("DOCS") and four individual defendants have discriminated against her under the American with Disabilities Act and the Rehabilitation Act, and accordingly, seeks monetary damages. However, as a matter of law, no claim for money damages may be asserted under the ADA or the Rehabilitation Act against individual defendants, either in their personal or official capacities. See, e.g., Carrasquillo v. City of New York, 324 F. Supp.2d 428, 441(S.D.N.Y. June 25, 2004)("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities".) Also DOCS is entitled to Eleventh Amendment immunity since plaintiff has also sued the State of New York for money damages.

See, <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356 (2001). Additionally, the Eleventh Amendment bars plaintiff's claims under §1983 for monetary damages against DOCS and all the individual defendants in their official capacities. Furthermore, the individual defendants are entitled to qualified immunity because the defendants' alleged actions did not violate any clearly established constitutional rights of which they could reasonably have been aware. <u>See</u> <u>Luna v. Pico</u>, 356 F.3d 481, 490 (2d Cir. 2004) (defendant entitled to qualified immunity where he reasonably would not have known that his conduct violated plaintiff's constitutional rights).

  I thank the Court for its consideration in this matter.

Respectfully submitted,

Julinda Dawkins<br>
Assistant Attorney General

cc: Mr. Rocco G. Avallone, Esq.
   Cronin & Byczek, LLP
   Attorneys and Counselors at Law
   The Fountains at Lake Success
   1983 Marcus Avenue, Suite C-120
   Lake Success, NY 11042
   By Fax: 516-358-1730