UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ANDREA EMANUEL,

                              Plaintiff,


    - against -

                                              DOCKET
                                              08 CV 1250 (RMB)

STATE OF NEW YORK, DEPARTMENT OF
CORRECTIONAL SERVICES ("DOCS")
LT. SALVATORE MUNAFO, LT. GEORGE
VAN VALKENBURG, LT. ROBERT
MURRAY, SGT. ROBERT WILSON
sued in their individual and
professional capacity,

                              Defendants.
------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**


**CRONIN & BYCZEK, LLP**

Rocco G. Avallone (RA8055)
Attorneys for Plaintiff,
ANDREA EMANUEL
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700

# TABLE OF CONTENTS

Preliminary Statement..................................................................................2

Statement of Facts.....................................................................................3

Argument ..............................................................................................4

Point I.  Plaintiff's Complaint Sufficiently sets forth a Claim upon
        Which relief may be granted.........................................................4

Point II.  Plaintiff's ADA claim against the State and DOCS is not
        Barred by the Eleventh Amendment...............................................6

Point III.  Plaintiff's Claims under the ADA are not barred by the Applicable
        Statute of Limitations.................................................................8

Point IV.  Plaintiff is disabled within the Meaning of the ADA.....................9

    A.  Plaintiff is disabled within the meaning of ADA................................11

    B.  Plaintiff was otherwise qualified for her job.....................................13

    C.  Plaintiff cannot be retaliated against for her requests for
        Accommodations.................................................................13

    D.  Plaintiff suffered an adverse employment action...............................13

    E.  Discriminatory intent...............................................................14

Point V.  Plaintiff's §1983 claims have been pled in satisfaction of Federal
        Rules of Civil Procedure............................................................15

    A.  Plaintiff consents to the withdrawal of her Due Process Claims...........15

    B.  Plaintiff sufficiently pled a §1983 claim for a violation of her
        First Amendment Right to Speech and Equal Protection ....................15

i

C. Policy, Custom and Practice...............................................................20

Point VI.  Individual Defendants are not entitled to Qualified Immunity ...................21

Point VII.  Plaintiff's hostile work environment claim should not be dismissed .........23

Point VIII.  The Eleventh Amendment does not shield the State of New
             York from being sued in Federal Court in regards to a Americans
             With Disabilities Claim..........................................................................24


Conclusion ...........................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

Abdu Brinson v. Delta Airlines, Inc.,
239 F.2d 456, 468 (2d. Cir. 2001) ......................... 14

Alfano v. Costello
294 F.3d 365, 373 (2d Cir. 2002) ......................... 23

Anderson v. Creighton,
483 U.S. 635, 640 (1987) ................................. 22

Annis v. County of Westchester,
F.3d 239 (2d. Cir. 1998) ................................. 15

Back v. Hastings on Hudson UFSD,
365 F.3d 107, 125 (2d. Cir. 2004) ....................... 20

Bernheim v. Litt,
79 F.3d 318 (2d. Cir. 1996) .............................. 18

Birdsong v. City of New York,
2005 WL 3164149*4 (E.D.N.Y. 2005) ....................... 15

Blum v. Schlegel,
18 F.3d 1005, 1010 (2d. Cir. 1994) .................... 15,16

Board of Trustees v. Garret, 531 U.S. 356
121 S.Ct. 955, 148 L.Ed.2d 866 (2001) ................. 6,7

Brown v. Coach Stores, Inc.
163 F.3d 706 (2d. Cir. 1998) ............................. 5

Burger v. NY Institute of Technology,
94 F.3d 830, 834 (2d. Cir. 1996) ......................... 18

Burlington Northern v. White,
126 S.Ct. 2405 (2006) .................................... 18

Chertkova v. Conn. Gen. Life Ins.,
92 F.3d 81, 90 (2d. Cir. 1996) ........................... 19

Colwell v. Suffolk Co. P.D.,
158 F.2d 635, 641 (2d. Cir. 1998) .......................... 11

Conley v. Gibson, 355 U.S.41, 47,
78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ...................... 5

Connick v. Myers,
461 U.S. 138, 140 (1983) .................................. 16

Cooper v. NYS Office of Mental Health,
162 F.3d 770, 773 (2d. Cir. 1998) .......................... 8

Cronin v. Aetna Life Ins. Co.,
46 F.3d 196, 204 (2d. Cir. 1995) .......................... 17

Cruz v. Coach Stores, Inc.,
202 F.3d 560, 570 (2d. Cir. 2000) ......................... 14

De La Cruz v. New York City Human Resources
Admin., 82 F.3d 16, 20 (2d Cir. 1996) ...................... 5

DePace v. Flaherty,
183 F.Supp.2d 633, 636 (S.D.N.Y. 2002) ............. 15,16,19

Ezekwo v. NYC Health & Hosp. Corp.,
940 F.2d 775, 781 (2d Cir. 1991) .......................... 17

Faragher v. City of Boca Raton,
524 U.S. 775, 786 (1998) .................................. 18

Geisler v. Petrocelli
616 F.2d 636, 639 (2d. Cir. 1980) .......................... 6

Givhan v. Western Line Consol. School Dist.,
439 U.S. 410, 414 (1979) .................................. 17

Gregory v. Daly,
243 F.3d 687, 696 (2d. Cir. 2001) ......................... 13

Grilinger v. New York State Police,
15 F.3d 32, 34 (2d. Cir. 1994) ............................ 21

Harlow v. Fitzgerald,
457 U.S. 800, 818 (1982) .................................. 22

Harris v. Fork Lift Sys. Inc.
510 U.S. 17, 23 (1993) .................................... 23

iv

Heyman v. Queens Village Committee for Mental Health
For Jamaica Comm. Adolescence Program, Inc.,
198 F.3d 68, 72 (2d. Cir. 1999) .......................... 10

Hoffman v. Empire Blue Cross and
Blue Shield, 1999 WL 782518 (S.D.N.Y.) .................... 6

Hughes v. Rowe, 449 U.S. 5, 10
101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ..................... 5

Hurd v. JCB Intern. Credit Card Co.U,
923 F.Supp. 492, 503 (S.D.N.Y. 1996) .................... 14

Keating v. Gaffney,
182 F.Supp.2d 278 (E.D.N.Y. 2001) ....................... 13

Leibowitz v. Cornell University
445 F.3d 586, 592 (2d Cir. 2006) ........................ 24

Lewis v. Cowen,
165 F.3d 154 (2d. Cir. 1999) ............................ 16

Mandell v. County of Suffolk
316 F.3d 368, 382 (2d Cir. 2003) ........................ 14

Mitchell v. Forsyth,
472 U.S. 511, 526 (1985) ................................ 22

Monell v. Dept. of Soc. Servs.,
436 u.S. 658 (1978) ..................................... 20

Moray v. City of Yonkers,
924 F.Supp. 8 (S.D.N.Y. 1996) ........................... 16

Morris v. Lindau,
196 F.3d 102, 109 (2d. Cir. 1999) ....................... 16

Morris, et al., v. Town of Cortland, et al.,
196 F.3d 102, 110 (2d. Cir. 1999) ....................... 18

Mt. Healthy City School Dist. Bd. Of Ed v.
Doyle, 429 U.S. at 274, 287 (1977) ...................... 19

Oncale v. Sundowner Offshore Serv., Inc.
523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) ... 23

Owen v. Thermatool Corp.,
155 F.3D 137, 139 (2d. Cir. 1998) ......................... 10

Padavan v. United States
82 F.3d 23, 26 (2d. Cir. 1996) ............................. 5

Pappas v. Guiliani,
118 F.Supp.2d 433 (S.D.N.Y. 2000) ....................... 16

Pembaur v. City of Cincinnati,
475 U.S. 469, 480 (1986) ................................. 20

Perry v. Ethan Allen, Inc.
115 F.3d 143, 149 (2d Cir. 1997) .......................... 8

Phillips v. Bower,
278 F.3d 103, 109 (2d. Cir. 2002) ........................ 15

Pickering v. Board of Ed.,
391 U.S. 563 (1968) ...................................... 16

Portland v. Bagley,
988 F.2d 868, 875 (1993) ................................. 22

Renz v. Grey Advertising, Inc.,
135 F.3d 217, 222 (2d. Cir. 1997) ........................ 10

Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.
893 F.Supp. 285, 291 (S.D.N.Y. 1995) ...................... 5

Richardson v. McKnight,
521 U.S. 399 (1997) ...................................... 22

Richardson v. New York State Department of
Corr. Serv., 180 F.3d 426, 437-38 (2d Cir. 1999) ......... 23

Roberts v. NYS Dept of Correctional
Services, 63 F.Supp.2d 272, 280 (N.D.N.Y. 1999) ........... 8

Rodriguez v. Board of Ed.,
620 F.2d 362, 366 (2d. Cir. 1980) ........................ 18

Rodriguez v. Beechmont Bus Service, Inc.
173 F.Supp.2d 139, 145 (S.D.N.Y. 2001) .................... 5

Ryan v. Grae and Rybicki, P.C.,
135 F.3D 867, 869-870 (2d. Cir. 1998) .................... 10

Salahuddin v. Cuomo
861 F.2d 40, 42 (2d. Cir. 1988) ........................... 5

Scaria v. Rubin,
117 F.3d 652, 654 (sd. Cir. (1997) ....................... 17

Scheuer v. Rhodes, 416 U.S. 232
at 236, 94 S.Ct. 1683 (1974) ........................... 4,6

Seminole Tribe of Florida v. Florida, 517 U.S. 44,
55, 68, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ........... 8

Stratton v. Dept. for the Aging for the City
Of New York, 132 F.3d 869 (2d. Cir. 1997) ............... 10

Swierkiewicz v. Sorema N.A.
534 U.S. 506, 510 (2002) ................................ 24

Thelma v. School District of Philadelphia,
et al, 2008 W.L. 2357190 ................................. 8

United States v. Georgia,
546 U.S. 151, 126 S.Ct. 877 (2006) .................. 6,7,25

Weissman v. Dawn Joy Fashions, Inc.,
214 F.3d 224, 234 (2d. Cir. 2000) ....................... 13

Wise v. New York City Police Dept.,
928 F.Supp. 355, 364 (S.D.N.Y. 1996) .................... 21

Young v. County of Fulton,
160 F.3d 899, 903 (2d Cir. 1998) ........................ 22

**Statutes**

42 U.S.C. § 1983 .................................. 2,15,19,20

42 U.S.C. § 12101, et seq. ............................. 2

42 U.S.C. § 12102(2)(A)-(C) ......................... 11

Title VII ......................................... 7,19,23

U.S. Constitution – First Amendment .................... 16

U.S. Constitution – Eleventh Amendment ................ 2,8

U.S. Constitution – Fourteenth Amendment ................ 8

Americans with Disabilities Act ......... 2,7,8,9,11,23,24,25

Rehabilitation Act ................................... 2,7

**Rules**

Federal Rules of Civil Procedure 8(a)(2) .................. 5

Federal Rules of Civil Procedure 12(b)(1) ................. 2

Federal Rules of Civil Procedure 12(b)(6) .............. 2,4

**Publications**

Wikipedia – Graves Disease ............................ 11

MayoClinic.Com - Asthma ............................ 11,12

PRELIMINARY STATEMENT

Plaintiff, ANDREA EMANUEL, by her attorneys, Cronin & Byczek, LLP, submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and granting such other and further relief as this Court deems just and appropriate.

Defendants' Motion to Dismiss the Complaint is based primarily upon its erroneous contention that (1) plaintiff's Americans With Disabilities Act (``ADA'') claim brought pursuant to 42 U.S.C. §12101, *et seq.* (Counts I & II) is barred by the Eleventh Amendment to the United States Constitution, fails to state a cause of action and is time barred; (2) plaintiff fails to allege a disability under either the ADA or the Rehabilitation Act; (3) plaintiff's §1983 due process and equal protection claims (Count III) should be dismissed for failure to state a claim; (4) plaintiff's hostile environment claims (Count V) should be dismissed for failure to state a claim; (5) plaintiff's §1983 First Amendment Retaliation claim (Count VI) should be dismissed for failure to state a claim; (6) defendants are entitled to qualified immunity against all claims because the defendants' actions did not violate any clearly established constitutional rights of which they could reasonably have been aware; and (7) plaintiff's claims against the State, DOCS and the individual defendants in their official capacities are all barred by the Eleventh Amendment.

STATEMENT OF FACTS

Plaintiff, Andrea Emanuel, was and still is an employee of defendant, NEW YORK STATE and DOCS as a correction officer from May 2, 1988 to the present.  Plaintiff has been diagnosed with disabilities of asthma, Graves Disease and hyperthyroid, which physically and mentally substantially impairs one or more of her major life activities in regards to her ability to perform strenuous and exhausting activities, shortness of breath, and an inability to climb voluminous staircases and exposure to fumes that affect the respiratory system.  As a result of her disabilities, plaintiff on occasion has had to see her doctor for treatment.  On said occasions plaintiff had submitted doctor's notes indicating her reason for being out of work.  Despite said notification, defendants continue to harass her and failed to reasonably accommodate her needs to see her doctor during days that she was scheduled to work.  Plaintiff has been unjustly disciplined in retaliation for her complaints to Superintendent Joseph Williams in regards to the defendants' unlawful conduct. In fact, plaintiff was informed by her immediate supervisor, Sgt. Bisso, that he was forced to change plaintiff's positive evaluation based on defendant MUNAFO's directive, or else his probationary position (Sergeant) would be jeopardized.  Plaintiff has also assisted and testified on behalf of a coworker against the defendants regarding a charge of gender discrimination with the New York State Division of Human Rights.  As a result of the bogus and unwarranted discipline issued to the plaintiff, an arbitration hearing was held wherein plaintiff was exonerated and

the disciplinary letters issued by defendants were ordered to be
removed from her file.  Subsequently thereto, defendants refused
to accommodate the plaintiff when she requested that she be
allowed to go to a different post because of toxic fumes from
painting that was being done in the immediate area of her post,
causing plaintiff to become ill and leave her post in order to go
to the restroom as a result of an asthmatic attack.  Due to the
asthma attack, plaintiff was taken to the medical unit and
treated.  Plaintiff was then forced to leave the facility and see
her doctor.  Other correction officers who complained about the
fumes were permitted to leave the area without ever being
disciplined.  Only after plaintiff left the facility, did the
defendants place fans in the area to ventilate and disburse the
toxic fumes.  Plaintiff has been denied equal protection based on
her disability.  See plaintiff's Complaint, par. 12-77, attached
to defendants' Declaration of Julinda Dawkins as Exhibit ``A''.


## ARGUMENT

## POINT I

### PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Standard of Review:  On a Motion to Dismiss under Rule
12(b)(6), the issue is ``whether the claimant is entitled to
offer evidence to support the claims.''  Scheuer v. Rhodes, 416
U.S. 232 at 236, 94 S.Ct. 1683 (1974).  It is well settled that
in order to withstand a Motion to Dismiss under Rule 12(b)(6), a
plaintiff need only set forth his/her claims in the Complaint
with such detail as will give defendants fair notice of the

nature of the claims and the grounds upon which the claims rest.

Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A Complaint should not be dismissed for failure to state a claim ``unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'' Padavan v. United States, 82 F.3d 23, 26 (2d. Cir. 1996) (quoting Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Under the relaxed Federal pleading requirements, it is enough that the pleading ``contain `a short and plain statement of the claim' sufficient to put the [adverse party] on notice of the grounds for which the [claimant] seeks relief.'' Reuben H. Donnelley Corp. v. Mark I Mktg. Corp., 893 F.Supp. 285, 291 (S.D.N.Y. 1995)(Connor, J.) (quoting FED.R.CIV.P. 8(a)(2)). Dismissal under Rule 8 ``is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'' Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d. Cir. 1988); Rodriguez v. Beechmont Bus Service, Inc., 173 F.Supp.2d 139, 145 (S.D.N.Y. 2001).

Moreover, the level of proof a plaintiff is required to present in order to establish a prima facie case of discrimination is low. De La Cruz v. New York City Human Resources Admin., 82 F.3d 16, 20 (2d. Cir. 1996). As such, the pleading requirements in discrimination cases are very lenient, even de minimus. Brown v. Coach Stores, Inc., 163 F.3d 706 (2d. Cir. 1998).

In deciding a Motion to Dismiss for Failure to State a Claim, the Court's function is ``merely to asses the legal

feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'' <u>Geisler v. Petrocelli</u>, 616 F.2c 636, 639 (2d. Cir. 1980); *see also* <u>Scheuer</u>, *supra*; <u>Hoffman v. Empire Blue Cross and Blue Shield</u>, 1999 WL 782518l (S.D.N.Y.).

As can be gleaned from a review of the facts and allegations set forth in the complaint in the case at bar, and more fully demonstrated below, plaintiff has clearly set forth her claims in the Complaint with sufficient detail to put defendants on notice of the nature of plaintiff's claims and the grounds on which plaintiff's claims rest.


### POINT II

#### PLAINTIFF'S ADA CLAIM AGAINST THE STATE AND DOCS IS NOT BARRED BY THE ELEVENTH AMENDMENT

Defendants argued that plaintiff's Equal Protection claims and ADA claims must be dismissed based on the Eleventh Amendment and rely on the case of <u>Board of Trustees v. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, notwithstanding the Supreme Court's statement in <u>Garrett</u>, ``If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause'', plaintiff may still assert a claim for disability discrimination under the Equal Protection Clause.

A more current case on point was decided in 2006 by the Supreme Court of the United States in <u>United States v. Georgia</u>, 546 U.S. 151, 126 S.Ct. 877 (2006). Justice Scalia, writing for

the unanimous Court, held that the ADA validly abrogates State sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment.

> In enacting the ADA, Congress `invoke[d] the sweep of Congressional authority, including the power to enforce the fourteenth amendment' 42 USC §12101(b)(4). Moreover, the Act provides that `[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter.' §12202. We have accepted this latter statement as an unequivocal expression of Congress's intent to abrogate state sovereign immunity. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-364, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

United States at 154.

The defendants' actions, jointly and severally, constituted discrimination against EMANUEL based on her disability. In support of said position, Plaintiff respectfully refers this Court to its Complaint. Defendants have jointly and severally deprived Plaintiff of her right to see her doctor for treatment upon the submission of a doctor's note, refused to accommodate her by removing her from a hazardous and dangerous area because of her disabilities and reassign her to a different location, in violation of §504 of the Rehabilitation Act, the ADA, Title VII and the Equal Protection Clause. Defendants were directly involved in decisions concerning plaintiff's work assignments and disparate treatment when compared to other correction officers who were not known or considered to be disabled. Plaintiff's allegations against the Defendants are sufficient to survive a Motion to Dismiss on the grounds that Plaintiff was denied equal

treatment on account of her disability.  See <u>Thelma v. School District of Philadelphia, et al</u>., 2008 W.L. 2357190.

In the matter of <u>Roberts v. NYS Dept. of Correctional Services</u>, 63 F.Supp.2d 272, 280 (N.D.N.Y. 1999), the Court held that Congress may abrogate State's Eleventh Amendment immunity if Congress has unequivocally stated its intent to do so and has acted pursuant to valid grant of Constitutional power.  Congress clearly stated its intention to abrogate State's Eleventh Amendment immunity with respect to American's with Disabilities Act (``ADA'') as required for abrogation for the immunity to be deemed valid exercise of Congress' power, under Fourteenth Amendment, to enforce provisions of latter amendment.  ``The ADA does not violate the Eleventh Amendment as Congress, in enacting the ADA, validly abrogated the Eleventh Amendment pursuant to its authority under §5 of the Fourteenth Amendment, which specifically authorizes Congressional enforcement of the Fourteenth Amendment's guarantees of due process and equal protection of the laws against state action.''  See also, <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 55, 68, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); <u>Cooper v. NYS Office of Mental Health</u>, 162 F.3d 770, 773 (2d. Cir. 1998).

**POINT III**

**PLAINTIFF'S CLAIMS UNDER THE ADA ARE NOT<br>BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Defendants are correct in stating that Plaintiff must file suit within ninety days of receipt of a Right to Sue letter from the EEOC.  Despite the Right to Sue letter being dated October

19, 2007, neither Plaintiff nor Plaintiff's counsel received said Right to Sue letter on or about October 19, 2007. Plaintiff's counsel's office called the EEOC and informed them that we had still not received the Right to Sue letter. Plaintiff's counsel then followed up the inquiry with a letter dated November 7, 2007 to the EEOC requesting the Right to Sue letter, see Exhibit ``A'' attached to Avallone Declaration. The EEOC, on November 8, 2007, faxed to Cronin & Byczek, LLP a Right to Sue letter along with a copy of the November 7, 2007 letter by Rocco Avallone. The Right to Sue letter clearly shows in the ``transmission verification report'' on top of the page that it was faxed to Plaintiff's counsel on November 8, 2007 at 5:17 p.m. from EEOC-NYDO 212 336 3625. As such, at the latest, Plaintiff's time to file a complaint would be ninety days from November 8, 2007, i.e., February 6, 2008. The Complaint was, in fact, filed with the Court on February 6, 2008. Therefore, the Statute of Limitations had not expired at the time of the filing as implied by Defendants.

## POINT IV

### PLAINTIFF IS DISABLED
### WITHIN THE MEANING OF THE ADA

In order to state a claim under the ADA, a Plaintiff must show that ``(1) her employer is subject to the ADA; (2) she was disabled; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability'' and failed to accommodate her.

9

Heyman v. Queens Village Committee for Mental Health for Jamaica Community Adolescence Program, Inc., 198 F.3d 68, 72 (2d. Cir. 1999). See also Ryan v. Grae and Rybicki, P.C., 135 F.3d 867, 869-870 (2d. Cir. 1998). In evaluating the above elements it is important to bear in mind that the ultimate question in a discrimination case is whether there are facts from which it can be inferred that the plaintiff's status in a protected class ``played a motivating role in, or contributed to, the employer's decision.'' Renz v. Grey Advertising, Inc., 135 F.3d 217, 222 (2d. Cir. 1997); Stratton v. Dept. for the Aging for the City of N.Y., 132 F.3d 869 (2d. Cir. 1997). Moreover, Plaintiff's status in a protected class may not be the only factor considered in evaluating her claim of discrimination. Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d. Cir. 1998) (Holding that the most important factor for a discrimination jury charge to convey is the idea that (1) the impermissible factor must have played a role in the employer's decision, and (2) the factor need not have been the sole consideration motivating the employer's decision). Hence, the Plaintiff need only initially raise an inference of discrimination by establishing a *prima facie* case, which does not have to be accomplished at this stage of the litigation, i.e., a Complaint filed with no Answer. Plaintiff does not; at this infancy stage of the litigation have to prove by a preponderance of the evidence that defendants' discriminated against her was based on her disability.

10

A.    **Plaintiff is disabled within the meaning of the ADA**

To qualify as a disability under the ADA, a Plaintiff must show that she (a) has a physical or mental impairment that substantially limits one or more of her major life activities; (b) has a record of such an impairment; **OR** (c) is perceived by her employer as having such an impairment.  42 U.S.C. §12102(2)(A)-(C).  See also Colwell v. Suffolk Co. P.D., 158 F.2d 635, 641 (2d. Cir. 1998).

      i.    **Physical impairment that substantially limits a major life activity**

Plaintiff suffers from Graves Disease and hyperthyroid since October of 2002 and asthma since October of 2006, which physically and mentally substantially impairs one or more of her major life activities.  As a result, she has difficulty breathing at times, shortness of breath, climbing stairs on a continuous basis and performing strenuous activity for prolonged periods of time, heat intolerance, insomnia, chronic sinus infections and frequent bowel movements.  Graves Disease is an autoimmune disorder in which the body produces antibodies to the receptor for thyroid-stimulating hormone (TSH).  These antibodies cause hyperthyroidism.  Graves Disease - Wikipedia; Mayo Clinic.com. Asthma, another well-recognized disability, occurs when the airways in your lungs become inflamed and constricted.  Asthma can't be cured, but its symptoms can be controlled with the proper accommodations.  Severe asthma attacks, as the one Plaintiff suffered due to Defendants' failure to reasonably accommodate her on June 7, 2007, can be life threatening and

require emergency treatment.  Mayo Clinic.com.  Therefore,
Plaintiff's physical impairments substantially limits many of her
major life activities.

### ii.  Defendants knew of plaintiff's disabilities

Defendants were well aware of Plaintiff having physical
impairments that affected her major life activities.  As stated
in the Complaint, on numerous occasions, Plaintiff has submitted
doctor's notes and requested time off during the workday so that
she could seek medical attention from her physicians.  Defendants
were aware of Plaintiff's needs in this regard, and Plaintiff was
even written up on at least two occasions when Defendants
informed her that she had not received approval to go see her
doctor and later discovered that said request was in fact
submitted by the Plaintiff and approved resulting in her
grievance against the Defendants to be granted.  See plaintiff's
Complaint, Exhibit ``A'' to Julinda Dawkins Declaration, par. 23-
27, 31-35, and 41-73.  Plaintiff has made numerous requests for
reasonable accommodations so as to prevent exasperation of her
physical disabilities.  Defendants were notified of Plaintiff's
disabilities through the numerous doctor's notes that she had
handed to her immediate supervisor, Defendant MUNAFO and
complaints of the toxic air in the area that she was assigned to
work, which exacerbated her asthma to the point where she was
forced to leave her area immediately, receive medical treatment
and ultimately go home sick.  Defendants were fully aware of the
incident, and that her suffering derived from her asthma and
Graves Disease.

B.    **Plaintiff was otherwise qualified for her job**

Plaintiff ``need only make the `minimal showing' that she possesses the basic skills for the performance of [the] job.'' Gregory v. Daly, 243 F.3d 687, 696 (2d. Cir. 2001). Here, Plaintiff commenced employment with the Department of Correctional Services (DOCS) as a corrections officer on May 2, 1988. For over twenty years Plaintiff has been able to perform all of her duties and responsibilities as a correction officer at the Lincoln Correctional Facility, a minimum-security facility. Accordingly Plaintiff is qualified for her job under the law.

C.    **Plaintiff cannot be retaliated against for her requests for accommodations**

``Courts have generally recognized that non-disabled individuals that request reasonable accommodations are protected against retaliation provided the request was made in good faith.'' Keating v. Gaffney, 182 F.Supp.2d 278 (E.D.N.Y. 2001)(citing, Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d. Cir. 2000)). Thus, defendants' retaliatory conduct is considered unlawful.

D.    **Plaintiff suffered an adverse employment action**

As a result of Plaintiff's complaints against her supervisors in regards to her time and attendance regarding medical treatment and her request for reasonable accommodations which were denied, Plaintiff was issued formal counseling letters in her file, given less than satisfactory evaluations despite Sgt. Bisso informing her that she was not deserving of such a low

13

evaluation, and unjustly being placed on AWOL status, see Complaint, Exhibit ``A'' to Julinda Dawkins Declaration, par. 36-41 and 43. Said adverse employment actions were brought with the intent to retaliate against Plaintiff's prior complaints against the defendants and clearly constitute an adverse employment action.

**E.   Discriminatory intent**

The final element of Plaintiff's *prima facie* discrimination case is the demonstration of an inference of discrimination. The complaint adequately and appropriately states a claim where a trier of fact can infer that Plaintiff was intentionally discriminated by the Defendants. The demonstration of discrimination is not required at this stage of the litigation. Since no discovery has been obtained, Plaintiff need not have to prove her case in regards to intent at this time.

There are many different ways to prove a discriminatory motive. The most common way of proving discrimination is to show preferential treatment given to employees outside the protected class. Abdu Brinson v. Delta Airlines, Inc., 239 F.2d 456, 468 (2d. Cir. 2001); Mandel v. County of Suffolk, 316 F.3d 368, 379 (2d. Cir. 2003). For example, as illustrated in Plaintiff's Complaint, the selective enforcement of certain rules can establish a discriminatory intent. See Hurd v. JCB Intern. Credit Card Co., 923 F.Supp. 492, 503 (S.D.N.Y. 1996). Courts *must consider the working environment as a whole*. Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d. Cir. 2000).

The Court ``must examine the entire record and determine

whether, at trial, the trier of fact could reasonably find that the Defendant's behavior was intentionally discriminatory.'' Birdsong v. City of New York, 2005 WL 3164149*4 (E.D.N.Y. 2005).

### POINT V

### PLAINTIFF'S §1983 CLAIMS HAVE BEEN PLED
### IN SATISFACTION OF FEDERAL RULES OF CIVIL PROCEDURE

**A.    Plaintiff consents to the withdrawal of her Due Process Claims**

Plaintiff voluntarily consents to withdraw her due process claims contained in the Third Cause of Action of the Complaint.

**B.    Plaintiff sufficiently pled a §1983 Claim for a Violation of her First Amendment Right To Speech and Equal Protection**

In order to establish a §1983 claim, a Plaintiff must show that: (1) she has been deprived of a federal right, and (2) by a person or entity acting under color of state law. Annis v. County of Westchester, 136 F.3d 239 (2d Cir. 1998).

**i.    Defendants retaliated against Plaintiff as a result of her protected speech**

To establish a First Amendment retaliation claim brought pursuant to 42 U.S.C. §1983, a Plaintiff must allege that (1) Plaintiff's speech at issue was protected; (2) Plaintiff's suffered an adverse employment action; and (3) there was a causal connection between the speech and the adverse action. Phillips v. Bower, 278 F.3d 103, 109 (2d Cir. 2002); Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir. 1994); DePace v. Flaherty, 183 F.Supp.

15

2d 633, 636 (S.D.N.Y. 2002).

The issue of whether the speech was protected is an issue of law to be determined by the Court. DePace at 637. Generally, a speech on any political, social or other matter concerning the community is protected by the First Amendment. Pappas v. Guiliani, 118 F.Supp. 2d 433 (S.D.N.Y. 2000). Moreover, the Supreme Court has held that a ``public employee does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment.'' Connick v. Myers, 461 U.S. 138, 140 (1983) (citing Pickering v. Board of Ed., 391 U.S. 563 (1968)); See Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999). As such, public employees also retain the right of freedom of expression as guaranteed by the First Amendment to the United States Constitution. Lewis v. Cowen, 165 F.3d 154 (2d Cir. 1999).

In situations where speech touches upon both private issues as well as those of public concern, the speech is nonetheless entitled to protection as ``Connick precludes First Amendment protection for public employees when they speak upon matters *only* of personal interest.'' Lewis at 163 (quoting Connick, at 147); See also Moray v. City of Yonkers, 924 F.Supp. 8 (S.D.N.Y. 1996) (finding that even though Plaintiff's complaint discussed matters of personal interest, it was protected because speech aimed at eradicating racism, favoritism and sexism is a matter of public concern). Moreover, where speech may have an aspect that touches upon personal interests, the speech cannot be assumed to have a private motive behind it. Blum at 1005. Bold assertions by Defendants cannot be used by a Court to make this determination.

Also, ``[t]he mere fact that a public employee chooses to discuss privately [her] concerns with [her] employer as opposed to expressing [her] views publicly does not alter the analysis.'' <u>Ezekwo v. NYC Health & Hosp. Corp</u>., 940 F.2d 775, 781 (2d Cir. 1991); <u>Givhan v. Western Line Consol. School Dist.</u>, 439 U.S. 410, 414 (1979)(noting that freedom of speech is not lost to the public employee who arranges to communicate privately with [her] employer rather than spread [her] views before the public).

Here, Ms. Emanuel complained to her supervisors on numerous occasions about the manner in which other supervisors were treating her in regards to being retaliated against by her immediate supervisors because she spoke out against them in reference to how they treated female employees and employees with disabilities who are refused reasonable accommodations. Plaintiff has also assisted other female Correction Officers in filing complaints against DOCS in regards to discrimination within the workplace and even testified before the New York State Division of Human Rights on behalf of fellow female Correction Officers in regards to complaints of gender discrimination.  See, Complaint paragraphs 30, 34, 40 and 41 attached to Dawkins Declaration as Exhibit ``A''.  These topics are clearly of public concern.

### ii.  Plaintiff was subject to adverse employment action

In order to show an adverse employment action, the Plaintiff's burden has frequently been described as minimal. <u>Scaria v. Rubin</u>, 117 F.3d 652, 654 (2d Cir. 1997); <u>See also</u> <u>Cronin v. Aetna Life Ins. Co.,</u> 46 F.3d 196, 204 (2d Cir.

1995)(holding that Plaintiff's burden in establishing the elements of a prima facie case is *de minimus*). Moreover, if Plaintiff has represented or pled any allegation or evidence from which a trier of fact may reasonably infer that there was an adverse employment action, a dismissal of the action must be denied. Burger v. New York Institute of Technology, 94 F.3d 830, 834 (2d Cir. 1996). Adverse employment actions may lie even when the Plaintiff suffers no monetary loss. See Rodriquez v. Board of Ed., 620 F.2d 362, 366 (2d Cir. 1980). In addition, the Second Circuit has held that adverse employment actions are not limited to dismissal, reduction in pay or reprimand. Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996); Morris, et al., v. The Town of Cortland, et al., 196 F.3d 102, 110 (2d Cir. 1999). The Supreme Court has also stated:

> We have repeatedly made clear that although the statute mentions specific employment decisions with immediate consequences, the scope of the prohibition is not limited to `economic' or `tangible' discrimination. Adverse employment action includes more than `terms' and `conditions' in the narrow contractual sense.

Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998) (citations omitted).

Furthermore, the Supreme Court ruled unanimously that a worker complaining of retaliation may sue even if that individual has not suffered an ultimate adverse action. In context, that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a complaint. Burlington Northern v. White, 126 S.Ct.

2405 (2006).  Although this case was in the context of Title VII, the reasoning equally applies to a §1983 case, as §1983 retaliation analysis is consistent with Title VII analysis. Thus, this standard should apply in this matter.

Here, there is no dispute that Plaintiff has pled that she has been unjustly disciplined and disparately treated by her employers and said actions are adverse to a Correction Officer's employment and that the charges and discipline brought against Plaintiff are for the purposes of retaliating against her for complaining and speaking out against Defendants' discriminatory conduct.  Therefore, Plaintiff has suffered adverse employment actions.

### iii. Causal Connection

``Causation generally is a question for the finder of fact.  On this motion, the role of the Court is to determine whether [Plaintiff] has alleged facts that could support a reasonable finding of a causal connection between his protected speech and the adverse employment action.''  DePace at 638.  The causal connection must be sufficient to warrant the inference that the protected speech was a motivating factor in the adverse employment action.  Mt. Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. at 274, 287 (1977).

When determining whether a Plaintiff's speech was a motivating factor in a Defendant's decision to take an adverse employment action against the Plaintiff, Court's can consider the sequence of events leading to the adverse employment action.  Chertkova v. Conn. Gen. Life Ins., 92 F.3d 81, 90 (2d Cir. 1996).

Here, Plaintiff began to complain to Defendants in 2005 regarding her being disciplined in reference to her time and attendance issues and retaliation for her complaints. Her evaluation in 2005 was changed according to Sgt. Bisso, one of her direct supervisors, by Defendant Munafo; Plaintiff was forced to file grievances against Defendants for their unjust and inappropriate issuance of charges and disciplinary letters against her; and after Plaintiff assisted a co-worker by testifying and giving statements on her behalf against DOCS and Defendants, she was retaliated against by being denied reasonable accommodations due to her disabilities and speech and issued bogus charges of being AWOL. The proximity between Plaintiff's engagement in a protected activity and the adverse employment actions to which Plaintiff was subjected evinces a causal connection.

## C.    Policy, Custom and Practice

Municipal liability may be imposed for a single decision by municipal policy makers under appropriate circumstances. Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 125 (2d Cir. 2004); Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Under §1983, liability may be imposed against an individual for engaging in or failing to prevent a constitutional violation. Liability may be imposed against a municipality by showing that municipal officials intentionally committed, condoned or were deliberately indifferent to a constitutional violation. See Monell v. Dept. of Soc. Servs., 436 U.S. 658

(1978). Plaintiff has sufficiently pled that the discriminatory practices are persistent and wide spread creating a deliberate indifference on the part of the Defendants, State of New York and DOCS. Also the Complaint can be inferred that supervisors failed to properly investigate and address allegations of discrimination, retaliation, and/or harassment. See Wise v. New York City Police Department, 928 F.Supp. 355, 364 (S.D.N.Y. 1996), citing, Grilinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994). Here, Plaintiff has alleged numerous requests for accommodations as a result of her disabilities. Those requests were denied with indifference to Plaintiff's disabilities. Moreover, following Plaintiff's complaints and testimony given to New York State Division of Human Rights on behalf of a female co-worker, Plaintiff was subjected to a hostile work environment. Plaintiff informed her supervisors and the facility superintendent of the hostile work environment. Again, Defendants, State and DOCS, showed an indifference to address Plaintiff's concerns. As such, the policy makers engaged in and failed to correct harassing/discriminatory conduct and policies.

## POINT VI

### INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Defendants argue that the individual defendants are shielded from liability for civil damages by the doctrine of qualified immunity. Qualified immunity protects government officials who perform discretionary functions that do not ``violate clearly

established statutory or constitutional rights''. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). ``The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'' <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). However, qualified immunity does not apply to persons in their ``individual'' or ``private'' capacities. <u>See</u> <u>Richardson v. McKnight</u>, 521 U.S. 399 (1997). Furthermore, qualified immunity does not apply to individuals in their official capacities when they violate rights that are clearly established, for which reasonable persons either know or reasonably should know. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Government officials ``enjoy qualified immunity when they perform discretionary functions if either (1) their conduct did not violate clearly established rights of which a reasonable person would have known or (2) it was objectively reasonable to believe that [their] acts did not violate these clearly established rights.'' <u>Young v. County of Fulton</u>, 160 F.3d 899, 903 (2d Cir. 1998). It has consistently been held that the second prong of the qualified immunity test is a question for jury determination. <u>Portland v. Bagley</u>, 988 F.2d 868, 875 (1993). In this case, the law is clear that bringing charges and disciplinary actions against the Plaintiff and failure to reasonably accommodate her, as a result of her engagement in protected speech and disability, is a violation of Plaintiff's constitutional right to equal protection. At the very least, Plaintiff has stated a cause of action as to whether the Defendants believe their conduct was lawful. Discovery is required and as such Defendants are not entitled to qualified

immunity as this stage of the litigation.


POINT VII

<u>PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD NOT BE
DISMISSED</u>

Plaintiff agrees with Defendants' statement as to what is
required in order to prevail on a hostile work environment claim
under Title VII pursuant to <u>Alfano. v. Costello,</u> 294 F.3d 365,
373 (2d Cir. 2002) and <u>Oncale v. Sundowner Off Shore Servs.</u>, 523
U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed. 2d 201 (1998) (stating that
a hostile work environment is created ``[w]hen the work place is
permeated with discriminatory intimidation, ridicule and insult
that is sufficiently severe or pervasive to alter the conditions
of the victims employment and create an abusive working
environment'').

Among the factors to consider in determining whether a
environment is sufficiently hostile are: (a) the frequency of the
discriminatory conduct; (b) its severity; (c) whether it is
physically threatening or humiliating or a mere offensive
utterance; and (d) whether it unreasonably interferes with an
employee's work performance. See <u>Harris v. Forklift Sys. Inc.,</u>
510 U.S. 17, 23 (1993). In determining whether a hostile work
environment exists, the Court must look at the totality of the
circumstances. <u>Richardson v. NYS Dept. of Correctional Services,</u>
180 F.3d 426, 437-38 (2d Cir. 1999).

Plaintiff has appropriately and accurately alleged a claim
of hostile work environment under Title VII ADA. The Supreme

Court has held that in asserting an employment discrimination claim, a complaint need only comply with the pleading standard of the Federal Rules of Civil Procedure 8(a). <u>See</u> <u>Swerkiewicz v. Sorema, N.A.,</u> 534 U.S. 506, 510 (2002). Thus, the complaint ``must simply give the Defendant fair notice of what the complaint's claim is and the grounds upon which it rests.'' <u>Id.</u> at 512. Here, the complaint provides voluminous amounts of allegations of adverse employment actions taken against Ms. Emanuel, including numerous unjustified disciplinary actions and denials of reasonable accommodations. Plaintiff has alleged that such pervasive harassment occurred as a direct result of the alleged disability discrimination and in retaliation for her speaking out and testifying on behalf of co-workers regarding discrimination in the work place. A hostile work environment claim cannot be dismissed at this early stage of the litigation since no discovery has been conducted including depositions of the parties involved. As such, Plaintiff's hostile work environment claim is a question to be resolved at a later stage of the litigation. <u>See</u> <u>Leibowitz v. Cornell University,</u> 445 F.3d 586, 592 (2d Cir. 2006).

**POINT VIII**

**<u>THE ELEVENTH AMENDMENT DOES NOT SHIELD THE STATE OF NEW YORK FROM BEING SUED IN FEDERAL COURT IN REGARDS TO A AMERICANS WITH DISABILITIES CLAIM</u>**

Plaintiff refers this honorable Court to Point II supra, which supports the filing of an ADA claim against the State of New York and DOCS in federal court. As previously stated, in

<u>U.S. v. Georgia</u>, 546 U.S. 151 (2006), the Supreme Court unanimously held that the ADA validly abrogates State sovereign immunity insofar as it creates a private cause of action for damages against the States.  Therefore, claims First, Second, Fourth, Fifth and Sixth should not be dismissed pursuant to the Eleventh Amendment.

**CONCLUSION**

For the reasons enumerated above, Defendants' Motion to Dismiss should be denied in its entirety except for the matters that Plaintiff has already consented to withdraw in which case an Amended Complaint should be permitted to be filed.

Dated:    Lake Success, New York
          August 21, 2008

ROCCO G. AVALLONE (RA8055)
CRONIN & BYCZEK, LLP
Attorneys for Plaintiff
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700

25

STATE OF NEW YORK, COUNTY OF NASSAU : SS.

SHERYL SERRANO, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside at Hicksville, New York 11801.  That on the 21st day of August 2008, I served a true copy of the **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** in the following manner:  via regular mail addressed to the last known addresses of the addressees as indicated below:

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorneys for Defendants
120 Broadway, 24th Floor
New York, New York 10271
<u>Attn.</u>:  Julinda Dawkins, AAG

_____
SHERYL  SERRANO

Sworn to before me this
21th day of August 2008

_____
Notary Public

PAMELA J. SARRANTONIO
**Notary** Public, State of New York
No. 01SA6118238
**Qualified** in Queens County
**Commission** Expires 11/01/2008